IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KERRY MCAULEY,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| v.       ) | CIVIL ACTION FILE |
| ) | NO.: 1:23-CV-6034-MLB |
| J.T. WILLIAMS, S.R. LEVY, P.B. DWYER       ) | |
| and V.R. PHILLIPS,       ) | |
| ) | |
| Defendants.       ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT S.R. LEVY'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW defendant S.R. Levy and, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, files this memorandum of law in support of defendant's motion to dismiss plaintiff's complaint (Doc. 1-2).

## I.   INTRODUCTION

In this Section 1983 action, plaintiff alleges that "Defendants" (collectively) used "excessive force" and denied her "medical care." (Complaint, Count I and II.) In classic shotgun fashion, plaintiff fails to specifically identify each defendant and the alleged factual basis for the claim against each defendant other than incorporating by reference unidentified prior paragraphs. While defendant is able to discern that plaintiff is alleging a violation of her Fourth and Fourteenth Amendments rights, the "Factual Allegations" consist of **one** massive paragraph that goes from page 3 to page 20 of the complaint. In the process, the complaint fails to provide adequate notice of the facts associated for each theory of recovery against each defendant.

## II.     STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When the sufficiency of a complaint is challenged on a Rule 12(b)(6) motion to dismiss, the court considers whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

With the pleading standards of Rules 8 and 10 in mind, the Eleventh Circuit has adopted the Supreme Court's directives to evaluate a motion to dismiss using a two-pronged approach: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Importantly, "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (internal punctuation omitted). *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (holding that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Davila v. Delta Air Lines, Inc.*,

326 F.3d 1183, 1185 (11th Cir. 2003) (stating that "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal").

### III.     ARGUMENT AND CITATION TO AUTHORITY

Plaintiff's complaint should be dismissed as a shotgun pleading. To satisfy Rule 8(a)(2), the "short and plain statement of the claim" must provide each defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). Although no technical form is required, the rules state that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). For the sake of clarity, a plaintiff must also state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . [and] [e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed. R. Civ. P. 10(b).

Rules 8 and 10, working together, "require a plaintiff 'to present her claims discretely and succinctly, so that her adversary can discern what she is claiming and frame a responsive pleading.'" *Washington v. Bauer*, 149 F. App'x 867, 869–70 (11th Cir. 2005). These rules "allow the court to determine which facts support which claims and whether the plaintiff ha[s] stated any claims upon which relief can be granted." *Id.* Shotgun pleadings result when a plaintiff fails to follow Rules 8 and 10. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). There are several types of shotgun pleadings, one of which "is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n. 9 (11th

Cir.1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count").

Shotgun pleadings have been repeatedly condemned because they "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). The Eleventh Circuit "warns that actions founded on shotgun pleadings should not be permitted because 'issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" *Rizzo-Alderson v. Eihab H. Tawfik, M.D., P.A.*, 2017 WL 4410096, at *1 (M.D. Fla. Oct. 4, 2017) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996)). Indeed, "[t]olerating [shotgun pleadings] constitutes toleration of obstruction of justice." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). District courts, then, have a duty to *sua sponte* "step in and require a repleader." *Starship Enterprises of Atlanta, Inc. v. Coweta Cty.*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013).

Here, as a threshold matter, plaintiff commits the "mortal sin of re-alleging all preceding counts." (Complaint, ¶¶ 13 and 29.) To compound matters, the purported incorporated paragraphs are left blank. Defendant recognizes that the "Factual Allegations" consist of a single paragraph so it is likely plaintiff is referring to this single paragraph. Suffice it to say, this single paragraph violates Rule 10. There are no numbered paragraphs that are limited "as far as practicable to a single set of circumstances." Instead, the single paragraph goes on and on for 17 pages.

Within this massive single paragraph, defendant recognizes that there are certainly specific factual allegations, but in such a fashion it is difficult to discern which facts apply to which individual defendant. Indeed, the format of the single paragraph appears to be a combination of

some facts embedded within a stream-of-consciousness ramblings punctuated with arguments and completely irrelevant facts which is all another hallmark of a shotgun pleading. *See Weiland*, 792 F.3d at 1321 (describing shotgun pleading as "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."). For example, the single paragraph is not chronological and jumps back and forth. There are random allegations about "corruption" related to plaintiff's "mother's continued neglect in this Sandy Springs new memory home." (Complaint, ¶ 12, p. 7.) This allegation is followed with references to communications to the Chief and City Attorney (non-defendants) in August 25, 2021. (*Id*.) Then there is a reference to "they were harassing me and my daughter," who is apparently a law enforcement officer in Charleston. (*Id*. at pp. 8 and 10.) Then immediately there is a reference to "Levy came December 30, 2021 to release me because I was waiting in a full hospital during Covid to be admitted for acute vertigo stated in record by doctor's this was by the police incident." (*Id.*) Again, this is confusing and ambiguous to say the least. Does this allegation apply to plaintiff's claim for denial of medical care given the prior reference to other medical issues? If so, the allegation would show that she was receiving medical care, but for what alleged medical need? After some more what appears to irrelevant references to plaintiff's daughter, plaintiff references "this medical negligence" and "negligent actions of Chief De Simone, Mayor Paul, Detective Williams's and City attorney, Kathy Willaims…" (*Id*. at p. 11.) This random detour in the narrative only serves to cause more confusion. There are numerous other examples of the confusion caused by plaintiff's failure to comply with Rule 10.

In addition to the improper incorporation by reference, plaintiff fails to identify the alleged factual basis for her claims against *each* defendant. Instead, plaintiff alleges in conclusory fashion that "Defendants" (collectively) violated her rights. (Complaint, Count I and II.) Moreover,

plaintiff alleges that "Defendants" used excessive force on "On or about January 13, 2021" (Complaint, ¶ 16) when the alleged excessive use of force occurred "On December 29, 2021" (Complaint, ¶ 1) in the "Introduction." Assuming the alleged excessive force occurred on January 13, 2021, plaintiff's complaint would be barred by the two-year statute of limitations. Again, this causes more confusion.

## IV.    CONCLUSION

Because the complaint is replete with all the hallmarks of a shotgun pleading, it should be dismissed. At the same time, defendant acknowledges that the Court may *sua sponte* allow plaintiff the chance to replead before dismissing her case with prejudice. Thus, defendant asks the Court to dismiss the complaint without prejudice or, in the alternative, direct plaintiff to replead her complaint so as to avoid violating the shotgun pleading standard so that defendant may properly craft a substantive response. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

/s/ *Sun S. Choy*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com

/s/ *Steven L. Grunberg*
Steven L. Grunberg
Georgia Bar No. 146397
sgrunberg@fmglaw.com

Attorneys for defendant S.K. Levy

100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339-5948
Tel: (770) 818-0000
Fax: (770) 937-9960

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT S.K. LEVY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** via (1) the CM/ECF system which will automatically send electronic mail notification of such filing to all CM/ECF participants and (2) U.S. Postal Service as follows:

Kerry Mcauley
1270 N.W. 4th Avenue
Boca Raton, FL 33432
sincerelykerry@aol.com

This 9th day of July, 2024.

**FREEMAN MATHIS & GARY, LLP**

/s/ *Sun S. Choy*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com

100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)